IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**BERNARD MATHIS**                                                                              **PETITIONER**

**V.**                                                        **NO. 3:24-CV-00012-MPM-DAS**

**BURL CAIN, COMMISSIONER OF MDOC**                              **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Bernard Mathis for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss for failure to exhaust available state court remedies. Petitioner has failed to respond and the time for doing so has passed. Thus, the matter is now ripe for resolution. For the reasons set forth below, the instant petition will be dismissed without prejudice for failure to exhaust state court remedies.

### Procedural Posture

Petitioner Bernard Mathis is currently in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Lafayette County Detention Center in Oxford, Mississippi. Doc. # 1. On July 10, 2013, Mathis signed a "Petition to Offer Plea of Guilty" on the charge of burglary of a dwelling as a habitual offender in the Circuit Court of Lafayette County, Mississippi. Doc. # 10-1 (SCR LK 11-218, Doc. # 16). That same date, the trial court accepted Mathis' plea and sentenced him to serve a term of fifteen (15) years, with eight years to serve in MDOC custody and seven years suspended, followed by five years of supervised probation. Doc. # 9-1.

On March 5, 2014, Mathis signed and submitted a Motion for Post-Conviction Collateral Relief Pursuant to Intervening Decision by United States Supreme Court which was received and "filed" in the Lafayette County Circuit Court on March 18, 2014. Doc. # 10-3 (SCR L 14-103, Doc. # 2). An "Order to Vacate and Set Aside Conviction and Sentence" was signed by the trial

judge on June 1, 2015. Doc. 9-3. The trial court entered an Order on June 3, 2015, in which it explained that it held a hearing on June 1, 2015, and that "[b]y agreement of the parties, as stated in the record at that hearing, this Court did vacate and set aside the conviction and sentence imposed by this Court in LK11-218 on July 10, 2013." Doc. # 9-2.

On June 2, 2015, the day after the trial court vacated his conviction and sentence, Mathis signed another "Petition to Offer Plea of Guilty" on the same charge of burglary of a dwelling as a habitual offender. Doc. # 10-1 (SCR LK 11-218, Doc. # 24). The new plea agreement provided that Mathis would receive credit for time served since July 10, 2013, and another charge (LK13-422) would be remanded to the files. *Id.* On the same date, the trial court entered a new Sentencing Order in which it sentenced him again to a term of fifteen (15) years, with eight years to serve in MDOC custody and seven years suspended, followed by five years of supervised probation. Doc. # 9-4.

While on supervised probation, Mathis was arrested and later indicted in February of 2023 in the Lafayette County Circuit Court on a new charge of burglary of an occupied dwelling as a habitual offender. *See* Doc. 10-2 (SCR LK 23-101, Doc. # 1). Per this new charge, the State filed a petition to revoke Mathis' post-release supervision and impose his suspended sentence on October 10, 2023. Doc. # 10-1 (SCR LK 11-218, Doc. # 45). On October 24, 2023, the trial court entered an "Order Revoking Post Release Supervision and/or Suspended Sentence" due to the new felony charge and ordered that Mathis serve his seven-year suspended sentence from LK 11-218. Doc. # 9-7. Mathis did not appeal the trial court's decision to revoke and impose the suspended sentence.

Mathis' instant petition for federal habeas corpus relief was signed on January 6 and January 8, 2024, and "filed" on the docket on January 11, 2024. Doc. # 1. In his petition, Mathis

2

raises a single claim for relief: that his sentence has already been vacated. On January 12, 2024, the Court entered an order directing Respondent to answer Mathis' petition on or before March 27, 2024. Doc. # 4. Subsequently, on March 26, 2024, Respondent moved to dismiss Mathis' petition for failure to exhaust state court remedies. Doc. # 9. To date, Mathis has failed to file a response to the motion.

## **Failure to Exhaust**

A petitioner must exhaust his available state court remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). The exhaustion requirement is satisfied when a petitioner has presented his claims to the state's highest court in a procedurally proper manner and provided the highest state court with a fair opportunity to pass upon the claims. *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *see also Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985). If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack on that judgment.").

Mathis concedes that he has not raised this claim in any state court, neither trial court nor appellate court.[1] *See* Doc. # 1. As such, the Mississippi Supreme Court, the state's highest court, has not yet had an opportunity to consider Mathis' claim(s). Mathis' failure to exhaust available

---

[1] Mathis filed a number of mandamus actions in the Mississippi Supreme Court in which he requested the state high court to compel a ruling on various motions he had filed in the trial court. *See* SCR, Cause No. 2016-M-1568, No. 2020-M-588. None of these mandamus actions contemplate the challenge to the conviction and sentence at issue here.

3

state court remedies, therefore, requires dismissal of the instant federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1) and (c).[2]

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Mathis must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Mathis must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

### Conclusion

For the reasons set forth herein, the Court finds that Respondent's Motion [9] to Dismiss should be **GRANTED,** and the instant petition for a writ of habeas corpus will be **DISMISSED without prejudice** for failure to exhaust available state court remedies. The Court further **DENIES** a certificate of appealability. A separate judgment in accordance with this opinion and order will enter this day.

**SO ORDERED**, this the 16th day of April, 2024.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

---

[2] The Court further finds that no "good cause" exists for Mathis' failure to exhaust his claims in State court prior to filing the instant federal habeas petition, and it determines that a stay and abeyance is inappropriate in this case. *See Rhines v. Weber*, 544 U.S. 269, 270 (2005)(holding that in "limited circumstances," a federal court may stay a habeas petition in order to allow the petitioner to litigate his unexhausted state claims in State court before returning to federal court).

4